UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEBBIE DUHON, ET AL.** | : | **CIVIL ACTION NO. 19-cv-929** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LOWES HOME CENTERS LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiffs, Debbie Duhon and Albert Duhon. Doc. 7. The motion is opposed by defendant Lowe's Home Center, LLC ("Lowes"). Doc. 10. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**I.**
**BACKGROUND**

On October 26, 2018, a delivery truck arrived at plaintiffs' home to deliver French doors plaintiffs had ordered from Lowe's. Doc. 1, att. 1, p. 2. Plaintiffs allege that this truck was equipped with a lift gate that was neither wide nor deep enough to accommodate the box containing the doors. *Id.* They further allege that although the delivery driver arrived alone "[t]here was no way [he] could unload this package by himself." *Id.* They claim that the driver instructed Debbie Duhon "to climb up onto the lift gate and hold the massive box steady while [he] went around to the side of the truck to operate the rear lift gate's hydraulics." *Id.* Allegedly Debbie Duhon complied however as the driver "goosed" the controls, the lift gate began shaking suddenly and

violently. *Id.* This shaking caused Debbie Duhon to fall off the lift gate where after she was crushed by the box containing the doors. *Id.* at 2-3. Plaintiffs allege she suffered significant bodily injuries as a result of this accident. *Id.* at 4.

On June 7, 2019, plaintiffs, citizens of Louisiana, filed suit in the 38th Judicial District Court, Parish of Cameron, Louisiana, asserting various claims of negligence against Lowe's, a citizen of North Carolina[1] and the delivery driver, fictitiously named Darren "Doe." *Id.* On July 18, 2019, Lowe's removed the suit to this court, alleging we have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1. It asserts complete diversity exists between all properly named defendants and that the citizenship of Darren Doe should be disregarded, either because he was improperly joined or because he is fictitiously named. *Id.*

On August 5, 2019, plaintiffs filed the instant motion to remand. Doc. 7. They argue it is reasonably certain that Darren Doe is a citizen of Louisiana because he is employed at Lowe's Lake Charles location. *Id.* at att. 1, p. 8. Moreover, they argue they have stated a valid claim against Darren Doe, destroying diversity in this case. *Id.* att. 1. Lowe's opposes remand. Doc. 10.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The removing defendant bears the burden

---

[1] In its notice of removal Lowe's indicates "Lowe's Home Centers, LLC is a corporation. . . . [It is] incorporated under the laws of North Carolina and its principal place of business is in North Carolina." Doc. 1, p. 6.

of showing that removal was procedurally proper, and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). This diversity provision requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 472 (1996). This means that there must be complete diversity between all named parties. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir.1993).

The parties do not dispute that the controversy exceeds $75,000 and that complete diversity exists between plaintiffs and Lowe's. Still, as plaintiffs reason Darren Doe is likely a citizen of Louisiana [*see* Doc. 1, att. 1; Doc. 7, p. 8], the parties argue as to whether the improper joinder defeats diversity jurisdiction and, thus, removal in this case. Docs. 1, 7, 10, 11. Such an inquiry is unnecessary because Darren Doe was not a properly named party at the time of removal.

Historically, courts permitted fictitiously named defendants to defeat removal. *See, e.g., Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1439 (11th Cir. 1983) (citing *Baggett v. Alto Corp.*, 459 F.Supp. 989 (N.D.Ala. 1978) (noting "[t]o avoid removal, the plaintiff must describe the fictitious defendants in a way that makes their residence identifiable.") However, such cases were abrogated by the 1988 enactment of § 1441(b)(1). The removal statute explicitly states that, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) ..., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Fifth Circuit has followed the mandate of this provision. *See Kemp v. CTL Distribution, Inc.*, 440 Fed.Appx. 240 (5th Cir. 2011); *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843 (5th Cir. 2014); *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 619 (5th Cir. 2019) (noting "[a]lthough 'John Doe' is a more common version [of a fictitious defendant]," § 1441 also covers

other fictitious names.) Darren Doe's likely citizenship should be disregarded for removal purposes. Because parties properly named are completely diverse and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 5th day of November, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE